**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**STEVEN BRIECKE**
       **Plaintiff,**

**vs.**                                           **Case No. 3:06cv324/MCR/MD**

**JAMES R. MCDONOUGH, et al.,**
       **Defendants.**

---

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 6). Leave to proceed *in forma pauperis* was granted, and the initial partial filing fee has been paid. (Docs. 8 & 14, respectively).

Plaintiff is currently incarcerated at Century Correctional Institution ("Century CI"). In his amended complaint he names eleven defendants, all officials of the Florida Department of Corrections ("DOC") and Century CI. His claims arise out of the invalidation of certain portions of Rule 33-501.302 of the Florida Administrative Code which allowed the DOC to charge inmates for photographic copying services.[1] Specifically, plaintiff claims defendants violated his First and Fourteenth Amendment rights by creating and implementing the Rule, by failing to restore monies deducted from his inmate account after the Rule was invalidated, by continuing to charge him for copies after the Rule was invalidated, and by retaliating against him when he

---

[1] *See Smith v. Florida Dep't of Corrections*, 920 So.2d 638 (Fla. 1st Dist. Ct. App. 2005), *review denied*, 923 So.2d 1162 (Fla. Jan. 24, 2006) (Table) (holding that administrative rule allowing Department of Corrections to charge inmates for photographic copying services was invalid exercise of delegated legislative authority; enabling statutes upon which DOC relied in imposing fees for copy services, rather than authorizing DOC to make monetary assessments for various services, simply authorized the collection of monetary assessments, in addition to setting forth general functions and responsibilities of DOC, along with rights of inmates).

grieved these matters. As relief, plaintiff seeks declaratory relief and monetary damages.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

On page six of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (Doc. 6, p. 6). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases. At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 8). Thus, plaintiff has in effect stated that he has initiated no lawsuit in federal court that was dismissed for failing to state a claim.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases

---

[2]Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Case No: 3:06cv324/MCR/MD*

a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]

Upon review of the file the Clerk has advised, and this court may take judicial notice, that plaintiff previously initiated at least one other civil action in federal court that was dismissed for failing to state a claim.  The case of *Steven Briecke v. Brion Travis, et al.*, Case Number 2:01cv4129/JS/WDW, was a civil rights case filed in the United States District Court for the Eastern District of New York on June 8, 2001.[4] There, plaintiff sued five state parole officers for various alleged violations of his constitutional rights. On March 9, 2004 United States District Judge Joanna Seybert granted the defendants' Rule 12(c) motion to dismiss and for judgment on the pleadings for plaintiff's failure to state an actionable claim. (*See Briecke v. Travis*, Case Number 2:01cv4129, docs. 82 & 83). Although plaintiff appealed the judgment, his appeal was dismissed due to his default. (*Id.,* doc. 87).  Plaintiff did not disclose this case in the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.[5] In addition, this court specifically advised plaintiff in its order requiring amendment of plaintiff's original complaint that he "should take

---

[3]"[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

[4]This case may be positively identified as having been filed by plaintiff because it bears his DC number: D03823.

[5]The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 6, p. 5) (emphasis in original).

special care in filling out the section of the complaint form concerning previous lawsuits," and that "[t]his section requires plaintiff to disclose all prior civil cases filed in <u>any</u> federal court, regardless of the state in which that court was located." (Doc. 5, p. 2 ¶ 2).  If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this court should not allow plaintiff's false response to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se, in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of October, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:06cv324/MCR/MD*